**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FORREST TROY ERICKSON, | No. 20-35079 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-05331-MLP |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Argued and Submitted March 2, 2021
Portland, Oregon

Before: PAEZ and WATFORD, Circuit Judges, and TUNHEIM,[**] District Judge.

Forrest Erickson appeals from the district court's order affirming the

administrative law judge's decision denying his application for Disability

Insurance and Supplemental Security Income benefits. We reverse and remand for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

further proceedings.

At the hearing, the vocational expert testified that Erickson could perform jobs that exist in significant numbers in the national economy. Specifically, the vocational expert testified that Erickson could perform the work of lens inserter (25,000 jobs), table worker (11,000 jobs), and masker (5,000 jobs). Erickson properly challenged the accuracy of the vocational expert's jobs numbers by submitting a post-hearing supplemental brief with accompanying exhibits. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017). The evidence Erickson submitted conflicted most notably with the vocational expert's estimate of the number of lens inserter jobs available in the national economy. The expert pegged that number at 25,000, but Erickson's evidence suggested that there were only 19,199 jobs available nationally in the ophthalmic goods manufacturing industry as a whole. Because the lens inserter position comprises just a segment of that larger industry, Erickson's evidence called into doubt the accuracy of the vocational expert's estimate.

The administrative law judge (ALJ) did not adequately resolve this apparent conflict in the evidence. The ALJ credited the vocational expert's testimony with respect to the number of lens inserter jobs by referencing a 2017 Bureau of Labor Statistics report, which is not part of the administrative record. According to the ALJ's description of the report, it showed merely that there are more than 25,000

jobs nationally in the ophthalmic goods manufacturing industry as a whole. The ALJ did not explain how that figure can be reconciled with the vocational expert's estimate that a single position within that industry produces 25,000 jobs on its own.

Without substantial evidence to support the vocational expert's 25,000 jobs estimate for the lens inserter position, the Commissioner has not carried his burden at step five of showing that Erickson can perform work that exists in "significant numbers in the national economy." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (quotation omitted); *see also Gutierrez v. Commissioner of Social Security*, 740 F.3d 519, 529 (9th Cir. 2014). We therefore reverse the district court's judgment with instructions to remand the case to the ALJ for further proceedings consistent with this disposition.

**REVERSED and REMANDED.**